UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMON PROPERTY
GROUP, INC., et al.,
      Petitioners,         CIVIL ACTION NO. 07-X-51024-DT

vs.

                              DISTRICT JUDGE SEAN F. COX

TAUBMAN CENTERS,
INC.,                              MAGISTRATE JUDGE MONA K. MAJZOUB
      Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONERS' MOTION TO ENFORCE SUBPOENAS
## AND
## DENYING RESPONDENT'S AND LISA PAYNE'S MOTION TO QUASH AND FOR ENTRY OF PROTECTIVE ORDER

This matter comes before the Court on the Motion to Enforce Subpoenas filed by Simon Property Group and related entities (SPG) against Taubman Centers, Inc. (Taubman) filed on December 5, 2007. (Docket no. 1). In addition, Taubman and Lisa Payne filed a Motion to Quash Subpoenae and for Entry of Protective Order on December 21, 2007. (Docket no. 5). Each party has responded to the other's motion. These two motions have been referred to the undersigned for decision. (Docket nos. 4, 7). The Court heard oral argument on these motions on January 23, 2008. They are now ready for ruling.

**1.    Facts**

This case involves the enforcement of third-party subpoenas served by SPG on Taubman and its employee, Lisa Payne. SPG and Taubman are competitors in the business of developing and operating large shopping malls across the country. These two entities were involved in a hostile takeover attempt in 2002-2003. The underlying action is in federal court in Nevada. That case involves

a hugely successful shopping mall near the Las Vegas Strip known as The Forum Shops (Forum Mall). Forum Mall was created as a joint venture between G.K. Las Vegas Ltd. Partnership (GKLV), of which Sheldon Gordon is the managing partner, and SPG. Forum Mall opened in 1992. It now has added additional Phases II and III which are also very successful.

The business relationship between SPG and GKLV began to fall apart in 1995. In January 2003 GKLV made an offer to SPG under the Forum Mall partnership agreement (the buy-sell provision). Under this provision each party had the right to tender to the other party in writing an all-cash price for a pro rata share of which it would either buy the other party's entire interest, or if the non-offering party elected not to sell, sell its entire interest to that party. The result was that in March 2003 SPG purchased GKLV's equity in the Forum Mall based on GKLV's estimate of the total equity of the mall of $415,200,000. In the underlying action GKLV claims that SPG illegally withheld information or gave false information to it (SPG was the managing partner and allegedly held all the relevant financial information) during the transfer of ownership which caused GKLV to undervalue its share of the equity of the mall. GKLV claims that a few months after the mall purchase the true value of the mall was set at 1 billion dollars. In the lengthy Complaint in the underlying action, GKLV raises claims pursuant to RICO, the Nevada Racketeering statutes, securities law, and many tort claims such as breach of fiduciary duties and breach of contract against SPG. There is a two-tier stipulated confidentiality protective order in place in the underlying action which applies to information from third parties. (Docket no. 1, ex. D). Discovery cut-off in that case is February 1, 2008.

Taubman is relevant to the case because it entered into an agreement with GKLV to commit equity (through its banker Goldman Sachs) to GKLV which allowed GKLV to exercise its buy-sell rights in the Forum Mall under the agreement with SPG. GKLV needed to have this agreement in place before it made its buy-sell offer because SPG had the right under the provision to sell its equity in the

mall to GKLV, and the agreement contained tight deadlines for closing the deal and transferring the cash.

The first subpoena at issue was served by SPG on Taubman in October 2007. (Docket no. 1, ex. A). It requires Taubman to appear for deposition in Bingham Farms, Michigan on November 15, 2007. Attached to the subpoena is a list of fourteen topics to be covered. The roughly two categories of topics concern: (1) Taubman's efforts to collect and produce documents in response to a subpoena duces tecum served by SPG on Taubman in January 2007; and (2) substantive issues in the underlying action to which the subpoenas relate.

On November 8, 2007, SPG's counsel revised downward the list of topics to nine. (Docket no. 1, ex. B). The parties discussed Taubman making Lisa Payne and Robert Taubman available for this deposition but are at an impasse now. Another possible witness is Peter DeGalan who works for Taubman or one of its affiliates in Hong Kong. SPG wishes for the Court to order that Taubman make witnesses available for deposition within seven days.

The second subpoena at issue is the subpoena duces tecum served by SPG on Taubman in January 2007. (Docket no. 1, ex. F). Attached to it is a list of twenty groups of documents that are allegedly relevant to the underlying action. Taubman has produced some documents but has not produced electronic documents from its servers because it contends this would be too burdensome. The parties disagree on whether Taubman filed timely objections to this subpoena. Taubman produced a version of objections (unsigned and without a certificate of service) which were supposedly attached to its timely response, but SPG contends that it did not receive the objections. On December 4, 2007 SPG provided Taubman with a list of custodian and search terms. SPG wishes the Court to order Taubman to produce all documents discovered by a reasonable search of Taubman's paper and electronic records. Taubman argues that such a search will necessitate it to devote three full-time

employees working at least four full weeks to review the files and determine if they are within the scope of the subpoena. (Docket no. 5, ex. 22).

SPG also served a subpoena for deposition on Lisa Payne, the Chief Financial Officer of Taubman, to appear on January 11, 2008. (Docket no. 5, ex. 23). Taubman by its motion to quash and for protective order asks the Court to bar SPG from deposing Taubman's CEO, Robert Taubman, and Payne. Taubman also seeks an order providing that electronic discovery not be allowed on the subpoena duces tecum.

**2.  Standard**

Rule 45, Fed. R. Civ. P., governs the protection of persons subject to subpoenas and the duties in responding to a subpoena. Rule 45(c)(2)(B) requires timely objections from the person commanded to produce documents. A court may quash or modify the subpoena if it: (1) fails to allow reasonable time for compliance; (2) requires a non-party to travel an unreasonable distance; (3) requires disclosure of privileged or otherwise protected matter; (4) or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A).

**3.  Analysis**

There are three subpoenas at issue in these motions: the deposition subpoena served on Lisa Payne; the deposition subpoena served on Taubman; and the subpoena for document production served on Taubman. There are no alleged procedural defects in the issuance or service of these subpoenas. There is also no claim that any subpoena requires unreasonable travel or an unreasonable time for compliance. There is no claim of privilege with respect to the requested material.

> **A.  The Subpoena for the Rule 30(b)(6) Deposition of Taubman**

Under Fed. R. Civ. P. 30(b)(6), Taubman "shall designate" the person or persons to testify on its behalf pursuant to SPG's subpoena. The Court will not therefore designate this person or these

persons who will testify pursuant to SPG's subpoena. SPG has not subpoenaed Robert Taubman or Peter DeGalan. Therefore, the Court finds no issue to be determined with respect to these two individuals in connection with this subpoena.

The parties have grouped the topics to be covered by this deposition into two categories. These categories are (1) Taubman's efforts to collect and to produce documents in response to a subpoena duces tecum served by SPG on Taubman in January 2007, and (2) substantive issues in the underlying action to which the subpoenas relate. The revised exhibit 1 (list of topics on which testimony will be taken) to this subpoena is found at docket no. 1, ex. B, and docket no. 5, ex. 18. The first topic is the nature, types and current locations of paper and electronic documents generated between Taubman and GKLV in connection with the buy-sell provision of the Forum Mall agreement. The second topic is directed at the same type of documents generated in connection with the investment by Gordon in Taubman in connection with the buy-sell provision. The third topic is the efforts of Taubman to respond to the subpoena duces tecum dated January 18, 2007. The fourth topic is Taubman's policies regarding disposal of paper and electronic documents from January 1, 2002 through the present. The fifth topic is the manner by which Taubman, Goldman Sachs, and/or Gordon arrived at the valuation of the Forum Mall in connection with the buy-sell provision. Topic six includes the analyses, projections, and communications regarding Forum Mall operations and value in connection with exercising the buy-sell provision. Topic seven is the consideration given by Taubman or others to obtaining additional information before exercising the buy-sell provision. The eighth topic is the investment by Gordon in Taubman in connection with the buy-sell provision. Finally, the ninth topic is the uses to which Gordon put the funds obtained from the buy-sell offer.

Taubman argues that this subpoena should be quashed pursuant to Fed. R. Civ. P. 45(c) because it imposes an undue burden or expense and seeks irrelevant information, among other reasons. In

determining whether a subpoena is reasonable, the Court balances the interests served by demanding compliance with the subpoena against the interests furthered by quashing it. *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 377 (5th Cir. 2004).

First, the Court finds that the topics listed above are relevant to the underlying action or to Taubman's effort to respond to the January 18, 2007 subpoena. SPG argues convincingly that discovery of the information possessed by Taubman with respect to its agreement with GKLV and Gordon to commit equity so that GKLV could exercise the buy-sell provision, is reasonably calculated to lead to the discovery of admissible evidence in the underlying action. Fed. R. Civ. P. 26(b)(1). One of the main issues in the underlying action is whether SPG misled GKLV into believing that the value of the Forum Mall was much lower than its actual fair market value. The Court finds that GKLV through Gordon was working closely with Taubman and Goldman Sachs in connection with the buy-sell offer. (Docket no. 5, ex. 18 (copies of emails); docket no. 5, ex. 21 (list of working group members)). Information of the type requested that was shared between GKLV and Taubman is relevant because it might reflect on how GKLV valued the Forum Mall and whether it relied on information, including false information, from SPG. Even if Taubman did not share the information with GKLV, this discovery still may lead to admissible evidence by showing that a third party could reasonably value the Forum Mall property notwithstanding SPG's alleged wrongful acts. Taubman's attempt to color this discovery by SPG as expert testimony under Rule 45(c)(3)(B)(ii) is not persuasive. Accordingly, the interest in ordering compliance with this subpoena is substantial.

Taubman's argument that this discovery will reveal confidential business information to a competitor has some merit, but this concern is ultimately not determinative. The stipulated

confidentiality order in place in the underlying action[1] will, for the most part, adequately protect Taubman's interests. Any remaining reservations the Court has about the protection of this information are resolved with the following conditions. Taubman may designate information for "attorney eyes only" as contemplated by the protective order already in place. Taubman objects that SPG's in-house counsel will still be able to view the information so designated, and that Mr. Von Ende of the Miller, Canfield firm should not view the material so designated because about five years ago he represented a party opposed to Taubman in litigation.

Although status as in-house counsel does not alone create a probability of serious risk to confidentiality, if the facts of the case indicate a probability that confidentiality under any form of protective order would be seriously at risk, in-house counsel may be denied access to material. *See Highway Equip. Co. v. Cives Corp.*, 2007 WL 1612225 (N.D. Iowa May 15, 2007). The information sought by SPG could reveal the method by which Taubman values mall property which would be confidential business information given the business of these two competing firms. Although counsel for SPG stated during oral argument that the assistance of in-house counsel in reviewing this material was necessary, there is no showing that SPG will be seriously inhibited in its ability to litigate this matter if in-house counsel is denied access from this specific information. Accordingly, the Court will order that material designated as "attorney eyes only" by Taubman not be viewed by in-house counsel of SPG. In addition, counsel for SPG, Mr. Rutten, stated during oral argument that Mr. Von Ende could be excluded from viewing this material. Therefore, Mr. Von Ende will also be excluded from viewing this

---

[1] Taubman contended during oral argument that it would have to seek relief in Nevada for any matter connected to this confidentiality order, which would supposedly constitute a burden on it. The Court does not find this possibility to be overly burdensome, and it does not detract from the usefulness of the order in relation to the issues before this Court.

material. With these conditions, the confidential nature of the requested information presents no reason to quash this subpoena.

Taubman also argues that the material requested from it is duplicative and cumulative to material that SPG could receive from GKLV, a party to the underlying action. Taubman has not shown that SPG presently has the disputed information in its possession. To the extent that the information has been or could be discovered from GKLV, given the close working relationship among Taubman, GKLV, and Goldman Sachs in connection with the buy-sell offer, there is much less of a need to shield Taubman from discovery of information that could be obtained from a party to the action.

Accordingly, the factors weighing in favor of allowing discovery of the requested information substantially outweigh the factors favoring quashing the deposition subpoena. The Court will therefore order Taubman to name its Rule 30(b)(6) deponents pursuant to the subpoena on or before January 30, 2008. The parties will agree on a date or dates for these depositions which must be completed on or before February 27, 2008.

### B. The Subpoena for Documents from Taubman

SPG served a subpoena duces tecum on Taubman dated January 18, 2007. (Docket no. 5, ex. 5). Attached to the subpoena is a list of documents to be produced. (*Id.*). Taubman responded in a timely manner (pursuant to an agreement of the parties) on April 6, 2007. (*Id.* exs. 7, 8). The parties disagree over whether Taubman included in this response objections to this subpoena. SPG contends that it did not receive any objections. Taubman argues that it believes it attached objections to its response, but the only copy Taubman has produced of the objections is not signed by counsel and lacks a certificate of service showing that the objections were in fact served. (*Id.* ex. 8). Taubman later served an amended response which did include objections, however this amended response is dated June 28, 2007 which is beyond the time allowed to timely object by Fed. R. Civ. P. 45(c)(2)(B). (*Id.* exs. 10, 11).

Accordingly, the Court finds that Taubman has not shown that it timely objected to this subpoena. Courts treat a failure to file timely objections as a waiver of the contested issue. 9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2463. Therefore, Taubman has waived any objection to this subpoena.

The Court will however, consider the arguments Taubman has made to this subpoena. Taubman contends that it should not be required to produce documents responsive to this subpoena which are stored on its electronic servers because to do so would be unduly burdensome and expensive. (Docket no. 5 at 30-31). Taubman has shown that a search with the terms provided by SPG resulted in the identification of over 250,000 files and that it would take three employees working full time for four weeks to review these files to determine if they are within the scope of the subpoena. (*Id.* ex. 22). However, SPG has offered to narrow the scope of this search by altering the time periods, search terms, and perhaps by dropping some servers from the search. (Docket no. 11). Discovery of electronic files is contemplated by Fed. R. Civ. P. 45(d) and is commonplace in business litigation. *See In re Seroquel Prods. Liability Litig.*, 244 F.R.D. 650, 654 (M.D. Fla. 2007). The Court believes that the parties should be able to narrow the scope of this subpoena so that it does not generate an overly burdensome amount of documents. Accordingly, the Court will order enforcement of this subpoena with the provision that both parties work in good faith to reduce its scope. Production in compliance with this subpoena must be completed on or before February 27, 2008.

**C.     Lisa Payne Subpoena**

SPG issued a deposition subpoena for Lisa Payne, Taubman's Chief Financial Officer, on December 6, 2007. (Docket no. 5, ex. 23). She requests that this subpoena be quashed because she "reasonably anticipates" that SPG intends to question her about the same topics of inquiry as those covered by the Taubman Rule 30(b)(6) deposition. (Docket no. 5 at 29). She wishes for this subpoena

to be quashed for the same reasons that Taubman seeks to quash the Taubman deposition subpoena. (*Id.*). Because the Court has found that the Taubman subpoena should not be quashed, the Court finds no reason to quash this subpoena. SPG will renotice Payne's deposition, and it is to be completed on or before February 28, 2007.

### D. Robert Taubman

Taubman argues that counsel for SPG has indicated his intention to depose Robert Taubman, its Chief Executive Officer, and that it anticipates that SPG intends to question him about the same topics covered by the Taubman Rule 30(b)(6) deposition. (Docket no. 5 at 29). As with Payne, Taubman seeks a protective order barring Robert Taubman's deposition on these topics. As noted above, Taubman has not shown that Robert Taubman has been subpoenaed. Even if he had been, Taubman has failed to show that a deposition of Robert Taubman would be unwarranted. Accordingly, Taubman's motion will be denied.

**IT IS THEREFORE ORDERED** that Petitioners' Motion to Enforce Subpoenas (docket no. 1) is **GRANTED** as set out above.

**IT IS FURTHER ORDERED** that the Motion to Quash Subpoenae and for Entry of Protective Order filed by Respondent and Movant Payne (docket no. 5) is **DENIED.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: January 24, 2008         s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

    I hereby certify that a copy of this order was served upon counsel of record on this date.

Dated: January 24, 2008          s/ Lisa C. Bartlett
                                             Courtroom Deputy