UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIMON PROPERTY GROUP, et al.,

       Petitioners,

v.                                                Case No. 07-51024
                                                Hon. Sean F. Cox

TAUBMAN CENTERS, INC.,

       Respondent.
_____

**OPINION AND ORDER**

This matter is before the Court on Nonparty Taubman Center, Inc.'s Objection to Magistrate Judge's Opinion and Order Granting Petitioners' Motion to Enforce Subpoenas and Denying Respondent's and Lisa Payne's Motion to Quash and for Entry of a Protective Order. Both parties have briefed the issue. For the following reasons, this Court **AFFIRMS** the Magistrate Court's Opinion and Order granting Petitioners' motion to enforce subpoenas and denying Respondent's and Lisa Payne's motion to quash and for entry of protective order; and **DENIES** Nonparty Taubman Center, Inc.'s Objection to Magistrate Judge's Opinion and Order Granting Petitioners' Motion to Enforce Subpoenas and Denying Respondent's and Lisa Payne's Motion to Quash and for Entry of a Protective Order.

                **I.    BACKGROUND**

This action arises out of a subpoena request for documents issued to third party Taubman Centers, Inc. The underlying action is between G.K. Las Vegas LP ("GKLV"), and Simon Property Group, Inc. ("SPG"), both of whom jointly owned a Las Vegas mall. The case is in

1

federal court in Nevada. In the underlying action, GKLV accuses SPG of illegally withholding information or supplying false information that caused GKLV to undervalue its equity in the Las Vegas mall. GKLV and SPG had a partnership agreement that included a buy-sell provision. Under the provision, each party had the right to tender to the other party an all-cash price for a pro rata share of which it would either buy the other party's entire interest, or if the non-offering party elected not to sell, sell its entire interest to that party. GKLV sold its interest in the mall to SPG in accordance with the buy-sell provision. However, GKLV claims that SPG as the managing partner had all of the relevant financial information, which it used to cause GKLV to underestimate the value of its interest.

Defendant Taubman Centers, Inc., is allegedly relevant to the underlying action because it entered into an agreement with GKLV to commit equity to GKLV, which allowed GKLV to exercise the buy-sell provision. According to SPG, GKLV had to have this agreement with Taubman Centers in place before it made its buy-sell offer.

In January 2007, SPG served a subpoena duces tecum on Taubman Centers requesting twenty groups of documents. SPG agreed to give Taubman Centers until April 9, 2007, to respond to the subpoena. According to Taubman Centers, on April 6, 2007, it sent a letter enclosing its response and objections to the subpoena. The letter indicated that enclosed were the response and objection to the subpoena. Although SPG sent a letter on April 16, 2007 acknowledging receipt of the enclosed documents, SPG claims it did not receive the objections. The parties disagree on whether Taubman Centers filed timely objections to the subpoena.

On December 5, 2007, SPG filed a motion in this Court to enforce the subpoena duces tecum and two other subpoenas for depositions against Taubman Centers. This Court referred

the motion to Magistrate Judge Mona Majzoub on December 10, 2007. Taubman Centers filed a motion to quash the subpoenas on December 21, 2007.

After full briefing and a hearing, on January 28, 2008, Magistrate Majzoub entered an order granting SPG's motion to enforce the subpoenas and denying Taubman Centers' motion to quash the subpoenas. [Doc. 14]. Judge Majzoub found that Taubman Centers did not file timely objections to the subpoena duces tecum. SPG denied receiving the objections and the only copy Taubman Centers produced of the objections was not signed by counsel and did not include a certificate of service showing the objections were served. Thus, Judge Majzoub found that Taubman Centers waived any objections to the subpoena duces tecum. She ordered the parties to work in good faith to reduce the scope of the subpoena and ordered that compliance must be completed by February 27, 2008.

On February 11, 2008, Taubman Centers filed an Objection to the Magistrate Judge's order. The only relief sought by Taubman Centers is to "set aside that portion of the Magistrate's Order which found that Taubman waived any objections to Petitioner Simon Property Group, Inc.'s document subpoena and to grant it such other relief as the Court deems just."

On February 15, 2008, in accordance with the reduced scope of the subpoena duces tecum, Taubman Centers complied with the subpoena and produced responsive documents. On February 29, 2008, SPG filed a Response to Taubman Centers' Objection arguing that the Objection is moot because a ruling by the Court would be advisory in light of Taubman's February 15th compliance with the subpoena. In accordance with the Court's order, Taubman Centers filed a Reply on March 21, 2008, indicating that the Objection is moot if SPG does not

3

intend to seek any further documents under the subpoena. However, Taubman Centers argues it is not moot if SPG intends to demand production of further documents under the subpoena.

## II. STANDARD OF REVIEW

When a non-dispositive matter is referred to a magistrate judge for decision, the district judge must consider timely objections to the magistrate judge's decision and modify or set aside any part of the order that is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a). "A finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. The question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

## III. ANALYSIS

### A. Mootness

"Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Speer v. City of Oregon*, 847 F.2d 310, 311 (6th Cir. 1988). If the court cannot grant the requested relief and the plaintiff no longer has a legally cognizable interest in the outcome, an opinion of the court would be merely advisory. *Id.* However, a case will not be found moot if it raises issues that are 'capable of repetition, yet evading review.' *Id.* (citation omitted). "This doctrine applies in exceptional situations in which two conditions exist: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same

4

complaining party would be subjected to the same action again." *Id.* (citation omitted). The party defending against mootness has the responsibility of making a reasonable showing that it will again be subjected to the challenged action, otherwise, no actual controversy exists. *Id.*

The parties cannot agree on whether Taubman Centers' objection is moot in light of its compliance with the subpoena. Presumably, Taubman Centers fully complied with Magistrate Majzoub's Order to comply with the subpoena duces tecum. Otherwise, Taubman Centers could be held in civil contempt. "There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). Taubman Centers speculates that its objection is not moot because SPG has not represented that it is not going to demand the production of further documents under the subpoena. However, the only argument SPG could make with respect to further documents is that Taubman Centers failed to timely comply with the magistrate court's order to comply with the subpoena by February 27, 2008. Whether Taubman Centers complied with the magistrate court's order is a separate issue from its objection to the merits of the magistrate judge's ruling.

Taubman Centers does not identify what relief it seeks from the Court. Taubman Centers argues that provided SPG cannot demand further production of documents under the subpoena, then its objection is moot. As discussed above, SPG cannot demand new documents not previously covered under the subpoena. To the extent SPG can request production of further documents, that would only pertain to documents within the scope of the subpoena that Taubman Centers allegedly failed to produce. A ruling on the merits of Magistrate Majzoub's decision would not provide relief from a failure to comply with a court order issued previously. The issue then would be timely compliance with a court order, not whether the underlying order was

5

rightly decided. Taubman Centers has complied with the subpoena duces tecum and does not ask the Court for any relief other than to rule that Magistrate Majzoub's finding that it waived its objection to SPG's subpoena duces tecum was incorrect. Taubman Centers is not asking that SPG be required to return the documents obtained over Taubman's alleged objections, or for any other specified relief. Thus, the objection is moot.

    **B.**  **Merits of the Objection to Magistrate Majzoub's Order**

Taubman Centers does not request any specific relief except to ask that this Court set aside Magistrate Majzoub's finding that it waived its objections to SPG's subpoena. However, the request for relief also asks the Court to grant "such other relief as the Court deems just." [Obj. p.2]. To the extent this general statement can be deemed a request for some available relief, then Taubman Centers' objection is not moot. Nonetheless, the Court finds that Magistrate Majzoub's finding was not clearly erroneous or contrary to law.

Fed.R.Civ.P. 45(c)(2)(B) requires objections to be filed within a specified time. "The failure to serve written objections to a subpoena within the time specified by Rule 45 typically constitutes a waiver of such objections." *American Electric Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D.Ohio 1999)(citation omitted). Magistrate Majzoub found Taubman Centers did not show that it timely served objections because the only copy of its objection it produced was unsigned and there was no certificate of service indicating that the objections were served on SPG. This is a reasonable construction of the evidence. This Court does not have to find that the magistrate court's interpretation was the best one, or the one it would have reached, only that it is supported by evidence in the record and the construction of the evidence is reasonable. Rule 45 sets forth a specific time frame for filing objections to a subpoena.

Magistrate Majzoub found Taubman Centers did not demonstrate it complied with that time frame, thus she found any objections waived. While Taubman Centers points out that there is case law supporting an exception for third parties that act in good faith, that law is not binding. [Obj. p.11-12]. See *American Electric, supra*. Taubman Centers also makes an estoppel argument in its objection that it did not make before the magistrate court. While Taubman Centers may have argued facts that support an estoppel analysis, it did not provide authority for, or a request for, a finding of estoppel in its motion or response before the magistrate court. Therefore, this Court does not consider Taubman Centers' estoppel argument.

Accordingly, this Court affirms the ruling of Magistrate Majzoub that Taubman Centers waived any objections to SPG's subpoena duces tecum by failing to file a timely objection in accordance with Fed.R.Civ.P. 45.

## IV.   CONCLUSION

For the foregoing reasons, this Court **AFFIRMS** the Magistrate Court's Opinion and Order granting Petitioners' motion to enforce subpoenas and denying Respondent's and Lisa Payne's motion to quash and for entry of protective order; and **DENIES** Nonparty Taubman Center, Inc.'s Objection to Magistrate Judge's Opinion and Order Granting Petitioners' Motion to Enforce Subpoenas and Denying Respondent's and Lisa Payne's Motion to Quash and for Entry of a Protective Order.

**IT IS SO ORDERED.**

                                              **s/Sean F. Cox**
                                              **Sean F. Cox**
                                              **United States District Judge**

**Dated: March 31, 2008**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2008, by electronic and/or ordinary mail.**

                                            <u>**s/V. Sims for Jennifer Hernandez**</u>
                                            **Case Manager**